BLD-283                                                                                                   August 20, 2020

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. 20-2172

IN RE: HAROLD STATEN, Petitioner

Present:   AMBRO, GREENAWAY, JR., and BIBAS, Circuit Judges

    Submitted are

(1) Petitioner's motion pursuant to 28 U.S.C. § 2244 to file a second or successive habeas petition, which requests in the alternative that the Court hold the motion in abeyance pending state proceedings [Dkt. No. 1];

(2) Petitioner's response to Third Circuit L.A.R. 22.5 non-compliance order [Dkt. No. 3];

(3) Petitioner's motion to be relieved from the filing requirements of Third Circuit L.A.R. 22.5 [Dkt. No. 4]

(4) Petitioner's supplement to the motion to be relieved from the filing requirements of Third Circuit L.A.R. 22.5 [Dkt. No. 5]; and

(5) Petitioner's supplemental response to Third Circuit L.A.R. 22.5 non-compliance order

    in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

    In 1986, Harold Staten was convicted of murder, arson, and other offenses. He was sentenced to life imprisonment. Staten's first federal habeas petition was denied on the merits by the District Court prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

    On June 10, 2020, this Court received from Staten a counseled motion under AEDPA, see 28 U.S.C. § 2244(b)(3), for authorization to file a second or successive habeas petition. Staten's motion to be relieved from filing additional documents pursuant to Third Circuit Local Appellate Rule 22.5 is denied as unnecessary, as he has since filed all outstanding

documents required under the Rule. We deem complete as of August 17, 2020 Staten's motion under § 2244.

Staten does not argue that his proposed habeas claims rely on a new rule of retroactively applicable constitutional law, cf. 28 U.S.C. § 2244(b)(2)(A); he instead relies on newly discovered facts. Staten is thus required to make a prima face showing that "the factual predicate for the claim[s] could not have been discovered previously through the exercise of due diligence; and the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Staten argues that he satisfies the gatekeeping requirements of § 2244(b)(2)(B) because his proposed due process and innocence claims rely on newly obtained, diligently pursued, outcome-determinative evidence in the form of an expert report from Roger C. Iapicco, a Certified Fire and Explosion Investigator. We emphasize here that Staten's burden to make a prima facie showing under § 2244(b)(2) is "light." In re Hoffner, 870 F.3d 301, 307 (3d Cir. 2017); cf. Gimenez v. Ochoa, 821 F.3d 1136, 1145 (9th Cir. 2016). And we conclude that he has met that burden. Even if there were a question whether Staten has prima facie satisfied the diligence requirement of § 2244(b)(2)(B)(i), we would conclude that authorization to file a second or successive habeas petition is warranted under the framework outlined in In re Minarik, 166 F.3d 591, 599, 601, 608 (3d Cir. 1999). Staten's initial habeas petition was filed pre-AEDPA, and we conclude that he would have been permitted to file this new habeas petition pre-AEDPA, either because he has made a sufficient showing of cause and actual prejudice, see McKleskey v. Zant, 499 U.S. 467, 494–95 (1991), or because he has made a sufficient showing of innocence, see Murray v. Carrier, 477 U.S. 478, 496 (1986). Accordingly, the § 2244 motion is granted. The Clerk is hereby directed to transfer Staten's § 2244 motion to the United States District Court for the Eastern District of Pennsylvania.

Staten's request to stay this § 2244 proceeding is denied without prejudice. We leave it to the District Court to determine in the first instance whether consideration of the habeas petition should be stayed under Rhines v. Weber, 544 U.S. 269 (2005). See id. at 277; see also Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

By the Court,

s/Stephanos Bibas
Circuit Judge

Dated: September 10, 2020
Lmr/cc: Nilam A. Sanghvi
District Attorney Philadelphia

A True Copy:

Patricia S. Dodszuweit, Clerk