# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

Harold Staten,

    Petitioner,

v.

Kevin Ransom, Superintendent, State Correctional Institution at Dallas; Josh Shapiro, Attorney General, Office of Attorney General; Lawrence S. Krasner, District Attorney, Philadelphia County, Pennsylvania

    Respondents.

Docket No.:

2:20-cv-04454-GEKP

## UNOPPOSED MOTION TO STAY AND ABEY

Lawrence F. Walker
Pa. Attorney No. 88163
Matthew A. Glazer
Pa. Attorney No. 204540
Chase A. Howard
Pa. Attorney No. 325797
Kevin M. Gibbs
Pa. Attorney No. 326053
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-2000

Nilam A. Sanghvi
Pa. Attorney No. 209989
**PENNSYLVANIA INNOCENCE PROJECT**
at Temple University Beasley School of Law
1515 Market Street, Suite 300
Philadelphia, PA 19102
215-204-3146

Petitioner Harold Staten, through undersigned counsel, respectfully requests that this Court stay and abey these habeas corpus proceedings while he exhausts his claims in state court. He states the following in support:

1. On June 10, 2020, Mr. Staten filed a motion in the United States Court of Appeals for the Third Circuit seeking leave to file a successive habeas corpus petition with this Court.

2. On September 10, 2020, the Third Circuit granted Mr. Staten's motion and ordered the proceeding transferred to this Court. The Third Circuit denied without prejudice Mr. Staten's request his habeas proceedings be stayed and held in abeyance pending the exhaustion of his post-conviction claims in state court. *See* Sept. 10, 2020 Order (attached as Exhibit 1).

3. Mr. Staten therefore now moves this Court to stay and abey his habeas proceedings.

4. The claims raised in this habeas petition are virtually identical to the claims raised by Mr. Staten in his June 9, 2020 Pennsylvania (successor) state post-conviction petition. Mr. Staten's pending PCRA proceeding will either result in the award of relief to Mr. Staten, or the exhaustion of his claims and underlying facts.

5. As Mr. Staten's state post-conviction proceedings are unresolved, he has not exhausted his state court remedies, and federal habeas review would be premature.[1]

6. Mr. Staten is compelled to seek the protection of the federal courts before exhausting state court remedies because his failure to do so could forever bar him from obtaining

---

[1] *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition").

federal habeas review of the claims he is currently litigating in state court. AEDPA has a one-year limitations period.[2]

7. Mr. Staten has pending in state court an "application for State post- conviction or other collateral review with respect to the pertinent judgment or claim."[3] Thus, if Mr. Staten could be certain that his currently pending state court application would be deemed "properly filed" within the meaning of § 2244(d)(2), the AEDPA statute of limitations would be tolled by the pending state proceedings. Were that the case, Mr. Staten would have no reason to seek this Court's protection, and he would wait until after exhaustion of state remedies before seeking federal review.

8. Mr. Staten and his counsel believe his state court proceedings are "properly filed." Given previous United States Supreme Court construction of the term "properly filed," however, that may not be determined until after the state courts rule. If the Commonwealth argues and the state courts agree that Mr. Staten's PCRA petition is untimely, then, under *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), Mr. Staten's state court application could be deemed improperly filed, and the pending state court application would not toll AEDPA's limitations period. Mr. Staten therefore must now seek federal review or risk the forfeiture of his federal claims altogether.

9. Although there exists a strong argument that Mr. Staten would be entitled to "equitable tolling" of the AEDPA limitations period, if the courts rule that equitable tolling is not

---

[2] *See* 28 U.S.C. § 2244(d)(1). Recognizing the exhaustion requirement, AEDPA allows tolling this one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

[3] 28 U.S.C. § 2244(d)(2).

available in this case, Mr. Staten's failure to seek federal review now could result in forfeiture of his rights under federal law.

10. The claims Mr. Staten raises are worthy of federal review and demonstrate that Mr. Staten should have his right to federal review preserved if relief does not come through the state petition. In the meantime, under the "suspense" or "abeyance" doctrines, the federal litigation would be stayed pending exhaustion in the state court.[4]

11. Because state court remedies have not been exhausted, and because even a dismissal without prejudice in federal court could endanger Mr. Staten's right to seek federal review after exhaustion, federal habeas proceedings should be held in suspense or abeyance pending the outcome of the state court proceedings.

12. Respondents have no objection to this request.

## CONCLUSION AND REQUEST FOR RELIEF

For all of the above reasons, Petitioner requests that the Court hold these proceedings in abeyance pending resolution of the state court proceedings. If the Court grants this Motion, Petitioner will promptly notify this Court upon the conclusion of the state court proceedings.

Respectfully submitted,

*/s/ Lawrence F. Walker*
Nilam A. Sanghvi
Pa. Attorney I.D. No. 209989
**PENNSYLVANIA INNOCENCE PROJECT**
Temple University Beasley School of Law
1515 Market Street, Suite 300
Philadelphia, PA 19102
215-204-3146

Lawrence F. Walker

---

[4] *See Rhines v. Weber,* 544 U.S. 269, 277 (2005).

                                                            Pa. Attorney No. 88163
Matthew A. Glazer
Pa. Attorney No. 204540
Chase A. Howard
Pa. Attorney No. 325797
Kevin M. Gibbs
Pa. Attorney No. 326053
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
215-665-2000

*Counsel for Harold Staten*

Dated: October 7, 2007